**IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **IN RE:** | **CASE NO. 13-01904** |
| | **Chapter 11** |
| **RUBEN MENDEZ LOPEZ** | |
| **Debtor(s)** | **FILED & ENTERED ON JUNE 25, 2014** |

**OPINION & ORDER**

Before the court is Debtor's Motion Requesting April 22, 2014 Docket Number 82, Order Dismissing Case Be Vacated [Dkt. No. 84] (hereinafter "Debtor"), and Oriental Bank's Opposition to Debtor's Request to Vacate Order [Dkt. No. 86] (hereinafter "Oriental"). For the reasons stated herein, Debtor's motion is hereby DENIED.

"A 'motion to reconsider' is not among the motions recognized by the Federal Rules of Civil Procedure." Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir.1991). The federal courts have consistently stated that a motion so denominated which challenges the prior judgment on the merits will be treated as either a motion 'to alter or amend' under the Federal Rules of Civil Procedure, Rule 59 or a motion for 'relief from judgment' under Rule 60. Equity Security Holders' Committee v. Wedgestone Financial, 152 B.R. 786, 788 (Bkrtcy.D.Mass.1993). Which rule applies depends essentially on the time a motion is served. If a motion is served within ten days of the rendition of judgment, the motion ordinarily will fall under Rule 59(e). [1] If the motion is served after that time it falls under Rule 60(b)." Van Skiver, supra, 952 F.2d at 1243 (10th Cir.1991); In re

---

[1] The Rules now allow for fourteen days instead of ten from the entry of judgment.

Rodriguez, 233 B.R. 212, 218–19 (Bankr.D.P.R. 1999). Although the Debtor does not specifically state under which Rule he is requesting reconsideration, the timing of his motion falls within the purview of Fed.R.Civ.P. 59(e), which is made applicable to bankruptcy cases by the Federal Rules of Bankruptcy Procedure, Rule 9023.

The First Circuit has recognized that "[a] motion for reconsideration does not provide a vehicle for a party to undo its own procedural failures and it certainly does not allow a party to introduce new evidence or advance new arguments that could or should have been presented to the district court prior to judgment." Marks 2–Zet–Ernst Marks GMBH & Co. KG v. Presstek, Inc., 455 F.3d 7, 15–16 (1st Cir.2006); In re PMC Mktg. Corp., 09-02048, 2013 WL 4602763 (Bankr.D.P.R. Aug. 29, 2013). Accordingly, a Rule 59(e) motion for reconsideration usually cannot be granted absent highly unusual circumstances, unless the court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law. See Prescott v. Higgins, 538 F.3d 32, 45 (1st Cir.2008); see also Rivera Surillo & Co. v. Falconer Glass Indus., Inc.,

After considering the arguments raised by both parties, this Court finds that Debtor's motion neither provides the court with genuine reasons why it should revisit the prior dismissal Order, nor compelling facts or law in support of reversing the prior decision. Debtor's only statement in his motion is that since no accountant had been employed, he was unable to comply with the court's Order of January 15, 2014 and the Order to Show Cause issued on February 14, 2014. Moreover Debtor fails to address why no monthly operating reports were filed within the seven (7) additional days stated in his Answer [See Dkt. No. 78]. Oriental's opposition argues that Debtor provides no legal basis to support reconsideration under Rule 59. This court agrees.

Because the Debtor has failed to establish the legal requirements for reconsideration, this

Court finds that the Debtor is not entitled to reconsideration under Federal Rules of Bankruptcy Procedure, Rule 9023.

WHEREFORE, IT IS ORDERED that Debtor's motion be, and it hereby is, DENIED. The legal case remains closed.

SO ORDERED

San Juan, Puerto Rico, this 25th day of June, 2014.

Brian K. Tester
U.S. Bankruptcy Judge